[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON VALIDITY OF JURY WAIVER
CT Page 14794
 FACTS
This matter came to this court for the purpose of determining the validity of a clause in a financing agreement whereby the plaintiff agreed to waive its right to a jury trial in this language:
 Borrower hereby waives all rights to a trial by jury in the event of any litigation with respect to any matter connected with this Agreement, the Obligations, the Receivables, or any other transaction between the parties and Borrower hereby irrevocably consents to the jurisdiction of the Courts of the State of New York and of any Federal Court located in such State in connection with any action or proceeding arising out of or relating to this Agreement, or the Obligations.
In a prior proceeding addressing the defendant's objection to the plaintiff's jury claim, a court found that there was sufficient evidence to rebut the presumption of a valid waiver, thereby necessitating this hearing to determine whether the waiver is indeed valid.
The prior court based its decision on the location of the waiver within the agreement, the failure to delineate it as a waiver and the absence of bold print to distinguish it in the text.
The parties have framed the issue before this court as to whether there was a knowing waiver, thereby negating the potential impact of the basis of the prior court's decision.
 DISCUSSION
The plaintiff was represented by counsel in its negotiations with the defendant, the objective of which was a financing agreement whereby the plaintiff would be relieved of the threat to its survival by its principal creditor.
The plaintiffs then owner testified that he was aware of the waiver and had discussed it with his counsel. He concluded that the waiver only applied to actions against him or the company.
The plaintiff's counsel, a specialist in commercial transactions, had no recollection of conferring with his client concerning the waiver. He CT Page 14795 stated he advised his client but made no reference to the waiver clause. This attorney had negotiated over several months to effect the total financing arrangement and had effected modifications to the printed documents prepared by the defendant. Other documents prepared as part of the total financing arrangement contained waivers as well.
This evidence compels the conclusion that the plaintiff signed the financing agreement with full knowledge of the waiver and its meaning, that he was represented by competent counsel who understood the waiver and so advised his client.
As to the plaintiff's claim of ambiguity, the court finds the language clear and unequivocal.
The plaintiff executed a valid waiver with full knowledge of its intent and meaning and the waiver is therefore found to be valid, applying to suits brought by the plaintiff as well as those brought by the defendant.
Anthony V. DeMayo, Judge Trial Referee